[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 14 June 1991 DATE OF APPLICATION 14 June 1991 DATE APPLICATION FILED 14 June 1991 DATE OF DECISION 24 January 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport. Docket #CR900052243T.
Thomas E. Farver, Esq., For the Petitioner.
Jonathan Benedict, Esq., For the State.
BY THE DIVISION
The petitioner was convicted after a trial by jury of Robbery 1st in violation of Conn. Gen. Stat. 53a-134(a)(2) and Attempted Assault 1st degree in violation of Conn. Gen. Stat. 53a-49; 53a-59(a)(1). On the Robbery 1st the court inposed [imposed] a sentence of seven years to serve. On the attempted assault file the court gave a sentence of seven years to serve. The second count of seven years was consecutively imposed for a total effective sentence of fourteen years to serve. CT Page 1319
The record shows the petitioner and another person were participants in a robbery of a motor vehicle in which the victim was ordered to surrender his car keys and title by a person possessing a .357 Magnum revolver. In the course of the robbery the victim reached into his car to retrieve a tire iron and struck one of the assailants in the face. While fleeing the attackers fired two shots in the direction of the victim. The petitioner was identified as one of the assailants by the victim.
At the hearing the counsel for the petitioner thought the sentence given by the court to be extremely high. He noted that the petitioner was merely present at the robbery and that he had minimal involvement in the crime. To buttress his claim of no involvement counsel pointed out to the panel that his client was not charged with pistol without a permit because it was clearly observed by the police that the petitioner was handed the gun by the other participant. Strenuously arguing that the other person committed the crime counsel felt that the mandatory minimum sentence of five years to serve, as required by statute, is a proper sentence in the matter.
The petitioner when he spoke to the panel maintained his innocence of the crimes. Noting that he was sorry to be involved in this matter he asked the panel to reduce his sentence so he could be with his family to support his children. He told the panel he had no intent to harm, hurt or rob the victim.
The attorney for the state noted that the petitioner's participation in the robbery was more than a mere passerby. The facts showed that the petitioner demanded money from the victim. Counsel noted that the petitioner was convicted for similar conduct in the past and that the sentence imposed by the trial court should be affirmed by the panel.
In reviewing the remarks of the sentencing court this panel finds a solid discussion of the good and bad points of the petitioner's conduct in the crime and his past history. The court was disturbed that the petitioner had a prior conviction with a weapon and that he previously violated his probationary status. The court also felt the petitioner conducted himself ably and was genuinely concerned about his family. The court spoke about the legislative mandatory minimums involved and quite cogently laid out in the record all of the elements it took into consideration in arriving at the sentence imposed. Considering the sentence and the reasons articulated by the trial court and comparing them to the requirements of Practice CT Page 1320 Book section 942 we find that the sentence to be fair and appropriate. THE SENTENCE IS AFFIRMED.
Norko J.
Purtill, J.
Klaczak, J.
Norko, Purtill and Klaczak, J's. participated in this decision.